UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LUIS ARANDA MARTINEZ, on behalf of himself, and others similarly situated,

            Plaintiff,

-against-

COOPER SQUARE 267, LLC, doing business as MORGAN'S BBQ RESTAURANT, and CHRIS MORGAN and JOEL BOLDEN, individually,

            Defendants.

Case No.: 16 Civ. 2599

**FLSA COLLECTIVE ACTION COMPLAINT**

---

Plaintiff, Luis Aranda Martinez ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Cooper Square 267, LLC, dba Morgan's BBQ Restaurant ("Morgans"), and Chris Morgan and Joel Bolden, individually (the corporate and individual defendants collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid overtime wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid overtime wages; (2) statutory penalties for failure to provide accurate written wage notices on a weekly and annual basis; (3) liquidated damages

pursuant to the New York Wage Theft Prevention Act; (4) pre-judgment and post-judgment interest, and, (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Kings County, New York.

6. Upon information and belief, Defendant, Cooper Square 267 LLC, doing business as "Morgans BBQ", was and is a domestic business limited liability company, organized and existing under the laws of the State of New York, with a principal place of business located at 267 Flatbush Avenue, Brooklyn, New York, 11217.

7. Upon information and belief, Defendant, Chris Morgan, is an owner, officer, director and/or managing agent of Morgans, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Morgans and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Morgans.

8. Upon information and belief, Defendant, Joel Bolden, is an owner, officer, director and/or managing agent of Morgans, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Morgans and acted

intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Morgans.

9. Plaintiff was employed by the Defendants in Kings County, New York as a kitchen assistant, line cook and cleaner, continuously from in or about August 17, 2015 through April 25, 2016.

10. At all relevant times, Morgans was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times the work performed by Plaintiff was directly essential to the restaurant business operated by Morgans.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

14. On or about August 17, 2015, Plaintiff, Luis Aranda Martinez, was hired by Defendants to work as a kitchen assistant, cleaner and line cook for Defendants' restaurant known as "Morgans BBQ", located at 267 Flatbush Avenue, Brooklyn, New York 11217.

15. Plaintiff, Luis Aranda Martinez, worked for the Defendants continuously, between August 17, 2015, and April 25, 2016.

16. During Plaintiff's employment by Defendants, he worked over forty (40) hours per week. Plaintiff normally worked (6) or seven (7) days per week, ten (10) to fifteen (15) hours each workday. Plaintiff was paid an hourly at a rate of $11.00 per hour. Plaintiff was paid

3

by check. Work performed above forty (40) hours per week was not paid at time and one-half the plaintiff's regular rate as required by law. When plaintiff's weekly hours exceeded forty (40), which they normally did, he was paid with a second (2nd) check for the same workweek. When plaintiff's hours exceeded eighty (80), he would receive a third (3rd) check, such that he would be paid for no more than forty (40) hours per check.

17. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees for work performed over forty (40) hours in a workweek.

18. Defendant Chris Morgan paid plaintiff, supervised plaintiff, and determined his weekly hours and pay.

19. Defendant Joel Bolden paid plaintiff, supervised plaintiff, and determined his weekly hours and pay.

20. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings this action individually and as representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since May 2013 to the entry of judgment in this case (the "Collective Action Period"), and who was not paid overtime wages as required by Federal and New York State law.

22. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole

control of the Defendants, upon information and belief, there are more than fifty (50) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

23. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

24. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

25. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

26. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have

acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a.    Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b.    Whether the Defendants failed to pay the Plaintiff and the Collective Action Members statutory overtime wages;

    c.    Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

    d.    Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

27.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

28.    Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

29.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "28" of this Complaint as if fully set forth herein.

30.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

31. At all relevant times, the Defendants employed Plaintiff within the meaning of the FLSA.

32. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

33. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

34. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at time and one-half Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

35. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

36. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for his lawful overtime wages for hours worked when they knew or should have known such was due and that non-payment of such would financially injury Plaintiff.

37. Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

38. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

39. Defendants misrepresented Plaintiff's rights and paid plaintiff and other similarly situated employees with multiple checks or an incorrect hourly rate, to avoid paying him an "overtime" premium.

40. As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

41. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, and prejudgment interest thereon.

42. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

43. Defendant, Chris Morgan, is an individual who, upon information and belief, owns the stock of Morgans, owns Morgans, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

44. Defendant, Joel Bolden, is an individual who, upon information and belief, owns the stock of Morgans, owns Morgans, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## COUNT II
### [Violation of the New York Labor Law]

45. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "44" of this Complaint as if fully set forth herein.

46. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

47. Defendants knowingly and willfully violated Plaintiff's rights by failing and refusing to pay Plaintiff and other employees similarly situated overtime wages at rates of not less than one and one-half times their regular rate of pay, for each hour worked in excess of forty (40) hours per workweek.

48. Due to the Defendants' New York Labor Law violations, Plaintiff and other employees similarly situated are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

49. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "48" of this Complaint as if fully set forth herein.

50. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day, on an annual basis.

51. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

52. Plaintiff was provided with an inaccurate accounting of his hours and hourly rate, and during a period of time he was provided with multiple checks each week, yielding a false and misleading accounting of his hours worked, and hourly rate. As such, he was not provided with a wage statement as required by law.

53. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff, Luis Aranda Martinez, on behalf of himself and all other similarly situated employees, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(d) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wages pursuant to the New York Labor Law;

(e) An award of prejudgment and post-judgment interest;

(f) Statutory penalties for failure to provide notices pursuant to the New York Wage Theft Prevention Act;

(g) An award of costs and expenses of this action together with reasonable attorneys' fees; and,

(h) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 23, 2016

Respectfully submitted,

CILENTI & COOPER, PLLC

**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com

By: _____
      Peter H. Cooper (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Luis Aranda__, am an employee currently or formerly employed by __Cooper Square Restaurant__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__May 13__, 2016

_____